HOLTZCLAW  *v.*  HAMILTON  COUNTY.

(*Knoxville.*    October  8,  1898.)

1. COUNTY JUDGE.  *No power to bind county, when.*

A County Judge cannot bind the county by a contract to pay a person for examining bills of cost which have been paid to the Clerk of the Circuit Court and the District Attorney by the Court for a period of several years before the investigation is ordered.  (*Post, pp. 340, 341.*)

2. ANSWER.  *Effect of denials of.*

An answer, in an action against a county to recover for services rendered to it, which denies that the county made the contract relied upon by the plaintiff, puts in issue the authority of the County Judge to make such contract for the county, where it is claimed that the contract was executed by him in behalf of the county.  (*Post, pp. 339, 340.*)

---

FROM  HAMILTON.

---

Appeal  from  the  Chancery  Court  of  Hamilton County.  T. M. McCONNELL, Ch.

PRITCHARD  &  SIZER  for  Holtzclaw.

C. R. EVANS and COOKE, SWANEY & COOKE for Hamilton County.

WILKES, J.    This is an action against Hamilton County for compensation for services rendered and to be rendered in the examination of bills of costs which have been paid to the Clerk of the Circuit Court and District Attorney by the Court for a period of six years before the investigation ordered.

The theory of complainant is, that he was employed by the Judge of the County Court for the County to make such investigation at a fixed rate of compensation, and was discharged after only a few days' service and while the work was unfinished, and without any legal cause.

The defense is, that the complainant was not employed by the county, but by the County Judge, and that he had no power to make such contract or bind the county under the law.

It is assigned as error in this Court that the power of the County Judge to make such contract is not put in issue by the pleadings, proof, or assignment of errors.    The answer denies that the county made such contract, but it is insisted that this contention was, not that the County Judge did not have the power to make the contract, but that as a fact he did not make it.

We think the true question is not whether the County Judge had the power to make the contract, but did he have the power to bind the county by it, and the defense that the county did not make the contract puts in issue not only the fact, but the authority of the County Judge to make such

contract for the ·county. We are aware of . no law authorizing the County Judge or County Court to employ any · person to ·make an investigation of this kind, as a matter of contract.' It is true the County Court represents the county, and if it con-ceives that it has the power to make such investi-gation, it could do so directly as a body, or by appointing some of its members to do the work, as was afterward done. Whether such appointees would be entitled to compensation we need not consider, as that question is not involved, and is one of very grave doubt.

It is also true that the County Judge is the financial agent of the county, but it is equally true that it is his duty officially to audit all accounts against the county, and this power 'he cannot dele-gate. If he can, by virtue of his office, overhaul accounts already audited and passed, about which we express no opinion, we . know of no statute or law authorizing him to employ another, at the county's expense, to do such service. Such person, or the Justices, in case they act, could only gather infor-mation for such further action as the law warrants, and neither could exercise the judicial functions of passing on bills of cost.

The Court of Chancery Appeals was of opinion that, although there was no assignment of error rais-.ing the question of the power of the County Judge to make such contracts, still the Court must repel any claimant who fails to show a valid contract

with the county. In this conclusion we concur. If there is no authority to hold the county for any particular item of cost or expense, the Courts must arrest any proceeding for that purpose, even if prosecuted by consent.

The decree of the Court of Chancery Appeals is affirmed with costs.