TOWN OF ERIN *et al v.* BROOKS *et al.*

(*Nashville,* December Term, 1949.)

Opinion filed April 29, 1950.

Rehearing denied June 9, 1950.

408

S. C. LEWIS, JR., of Dover, and O. L. PEELER, of Camden, for plaintiffs in error.

McREYNOLDS & MARKS, of Clarksville, and ROY H. BARNES, of Erin, for defendants in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The petitioner, proceeding under Code, Section 3110 et seq., sought to condemn private property for public use. The petition alleged that the Town of Erin had entered into an agreement with the Department of Highways and Public Works of the State of Tennessee to acquire a right of way for a public street in said town, said street being a section of State Highway No. 49, and that under said agreement the State Highway Department was to build and construct said highway. This proceeding was in conformity with Code, Section 3242 et seq. Apparently the proceeding was regular in every respect up to the trial before the Circuit Judge. After a jury of view had been regularly appointed they returned their verdict finding that the property to be taken was actually worth $400.00 dollars and that the incidental damages were $1700.00. Following this re-

port of the jury of view, the City appealed to the Circuit Court where the case came on for trial before the Circuit Judge and a jury. This jury fixed the value of the property taken and incidental damages at $2500.00 which judgment was approved by the trial judge. On appeal the Court of Appeals affirmed this judgment. A petition for certiorari has been directed to us presenting several important questions of procedure, in a case of the kind. After due consideration we granted said petition and the matter has been ably argued before this Court.

On the trial before the Circuit Judge, from the appeal of the verdict of the jury of view, the trial judge took the position that since the city had appealed from the amount awarded by the jury of view, that the burden was on the city to show the value of the property taken. The city then declined to offer any proof on this subject and the trial judge feeling that he should have some proof as to the value of the property allowed the property owner to put on witnesses as to this value. The property owner offered three witnesses fixing the value of the property at from $2100.00 to $2500.00. At the conclusion of this proof, offered by the property owner, the city then asked to put on rebuttal proof as to the value of the property which was being taken. The trial judge declined to allow the city to offer any proof at this point on the question. These rulings of the trial judge were duly excepted to and form the basis of this appeal.

The Court of Appeals affirmed largely on the position that it was a discretionary matter with the trial judge as to whether he allowed proof on behalf of the city at this point or not.

The city prayed and perfected an appeal as provided by statute. There is nothing in the record to indicate that it waived the right of trial *de novo* given by Code, Section 3126. *State ex rel.* v. *Oliver,* 167 Tenn. 154, 67 S. W. (2d) 146. This being true the procedure that should have been followed by the trial judge, on appeal from the verdict of the jury of view, was to require the city to prove its right to take and then this being done the burden would shift to the property owner to establish to the satisfaction of the court and jury the value of the property which was to be taken. Unquestionably under such a proceeding, after the property owner had offered proof as to the value of the property to be taken, the city should have the right to offer proof as to its estimate of the value of this property. After this is done then the jury has the benefit of this evidence upon which to fix their verdict. The action of the trial judge herein amounted to the direction of a verdict on behalf of the property owner for the highest value fixed for this property by witnesses for the property owner. This was error.

This Court in *Lebanon & Nashville Turnpike Co.* v. *Creveling,* 159 Tenn. 147, 154, 17 S. W. (2d) 22, 24, 65 A. L. R. 440, said: "And, on principle and authority, as a matter of practice and procedure, when the condemnor has established the right to take, the burden of the evidence of the value of the property taken shifts to the defendant owner. This is his right, as well as his obligation. He recovers the judgment for the value."

As is always true in this type of case the property owner is trying to establish the highest value possible for the property to be taken and the condemnor is trying to establish the least value for the property. It thus results that it is necessary to hear the witnesses

on both sides of the proceeding so that the jury may have an opportunity to evaluate this testimony in arriving at a fair and just compensation for the property taken. If the burden is on the property owner to establish this value, and it always is, then he must proceed on the question of value and is entitled to be followed by rebuttal evidence on behalf of the condemnor.

Since *Alloway* v. *City of Nashville*, 88 Tenn. 510, 528, 13 S. W. 123, 126, 8 L. R. A. 123, it has been the rule in this State that the right of opening and closing argument in a condemnation suit remained with the petitioner although the majority rule is otherwise. The debate in this record is not as to who has the right to open and close the argument before the jury but as to whether or not the condemnor, City of Erin on behalf of the State, has the right to offer proof as to the value of the property they seek to take after evidence has been offered on behalf of the property owner as to the value of this property. In the Alloway case, in discussing the question of the right to open and close the argument, this Court said: "Concession by the owner of petitioner's right to condemn, and to take the particular land, and contesting the question of damages only, cannot change the rule; nor can the fact that the owner alone appealed from the appraisement by the jury of inquest, for on that appeal the trial is *de novo,* and the attitude of the parties is the same as before."

The same line of reasoning is equally, if not more forcibly applicable, to the situation that we have in the present case. It is true that here the parties conceded (Mr. McReynolds: "We don't resist their right,—they have got the right.") the right of the city to take the land but after this was done, as we have repeatedly said time and time again, the burden was on the property

owner to establish "his right to recover more than nominal damages." Nichols on Eminent Domain, (2d) Ed., Volume 2, Section 432, page 1139.

For the reasons above expressed the judgment herein must be reversed and the cause remanded for a new trial to be proceeded consistent with the procedure expressed in this opinion. Since the cause must be remanded for a new trial, we think it proper for us to comment on the method in which the evidence was offered on the previous trial so as to try and eliminate the objectionable features to this evidence. One of the witnesses was asked a question as to the value of this property somewhat in conformity with the rule (see proper method of questioning witnesses as to value of property, *Alloway* v. *City of Nashville, supra,* 88 Tenn. at page 515, 13 S. W. 123) and this witness responded, "We didn't value it that way. Place, called it a home, and comfortably located, and would have to move out at once, and didn't know where they were going,—and we put $2100.00 on it." This witness seems to have been a member of the jury of view and was more or less trying to use, as an evidentiary fact, the value of this property according to the conclusions as arrived at while serving on the jury of view. The trial judge properly warned the witnesses that they were not to arrive at the value of the property in this way, but nevertheless, it is obvious from the testimony quoted that the witnesses were trying to fix the value of the property on the basis of the testimony above quoted. We have read this evidence very carefully and say that it lacks many of the requisites desired and required to bring it up to the standard in such cases.

The judgment of the two lower courts is reversed at the cost of the property owner. The case is

remanded for a new trial. The cost of the trial court will be fixed by that court at the conclusion of the case on remand. This being a condemnation on behalf of the State for Highway purposes the trial judge was in error in requiring the petitioner here to give an appeal bond to perfect its appeal to this Court. *State Highway Dept.* v. *Mitchell's Heirs,* 142 Tenn. 58, 69, 216 S. W. 336.

## On Petition to Rehear.

The property owners, respondents to a petition for certiorari heretofore granted and argued, have filed a petition to rehear in this suit.

The petition in the main complains because they were taxed with the costs of the appeal in this case. They argue in effect, that they merely sat by; that any error committed below was that of the trial court for which they are not responsible; that the error, if any, below was due to the fault or neglect of the condemnor and for these reasons they should not be taxed with these costs.

Our answer to this complaint is that we were of the opinion in preparing our original opinion herein that the condemnor did all that was required in asserting its right; that the trial court erred in his ruling therein, for reasons set-forth in our original opinion, and for this reason we taxed the costs of appeal to these petitioners. Costs of court are a discretionary matter for the court that tries the case to determine. Code, Section 9116. Ordinarily when a party to a suit properly presents his side of the controversy and the trial court erroneously holds to the contrary the party there profiting by this error (even though they sit by and say nothing) must stand the consequences of this error. Be this as it may, we were satisfied after carefully study-

ing this record that the costs of this appeal should be taxed as it was. The costs below were specifically reserved for the lower court on remand and retrial of the case. This was done for two reasons, namely, (1) the statute above referred to, and (2) there is an applicable statute specifically applying to condemnation suits governing costs. Code, Section 3127.

The Constitutional rights of these parties is amply protected by the remand when a trial *de novo* may be had as to the value of the property taken.

The rules of procedure as applied in this State, in this kind of a suit, have long been established. We see no reason to now depart therefrom. Our original opinion attempted to outline these rules, to a limited extent, as applied to the facts of the case as shown in this record.

The petition to rehear must be denied at the cost of the petitioners.

All concur.