LAWRENCE COUNTY, TENNESSEE,

*v.*

DENNIS FRANK WHITE, et al.

*(Nashville,* December Term, 1955.)

Opinion filed March 9, 1956.

Wade & Forrester, Pulaski, for appellant.

W. H. Lindsey, Sr., Lawrenceburg, for appellees.

Mr. Justice Burnett delivered the opinion of the Court.

The original bill in this cause was filed by Lawrence County against White and the Sheriff of the County.

The bill sought to have a deed from the Clerk and Master to White declared void and also sought to enjoin the Sheriff of the County from executing a writ of possession placing White in the possession of certain real property. The injunction was granted.

The bill alleges in substance that on June 6, 1946, the County purchased the property in question for the sum of $8,000; that they recorded the deed thereafter; that the Tax Assessor made no report to the County Court Clerk of change in ownership of the properties and that the County Court Clerk failed to enter and change ownership on the trustee's books. It also averred that immediately or soon after purchase the County constructed a house on the property for the purpose of maintaining a County Home for the indigent of the County at a cost of some $20,000, and that at the time of this purchase the County assumed any and all back taxes then standing against the property. That at the time of this purchase a certain named individual was County Judge and that certain other people were County Attorneys thereafter. The County Judge at the time of purchase had gone out of office and one or two others had been inducted and gone out since that time and that different attorneys had represented the County during the period from the time of purchase of this land in 1946 up until the institution of this suit; that none of these County officials, neither County Attorneys nor County Judge, made it known to the Quarterly Court that money was due for these taxes for the years 1944-1945 and that no money was appropriated by the Court to pay the taxes because the Court did not know that there were any taxes due on the property; that in 1950 the regular Back Tax Attorneys for the County filed a delinquent tax bill in the Chancery

Court of said County wherein sale of the lands in question was sought for the unpaid taxes for the years 1944-1945; that no certified list of delinquent County and City taxpayers certified by the County Trustee and the Secretary and Treasurer of the City of Lawrenceburg were filed with the delinquent tax bill under which the properties were sold, and that the rule docket in the office of the Clerk and Master of the Chancery Court of the County did not show that such certified lists were ever filed in that office; that Lawrence County was not made a party to this delinquent tax bill under which the properties were sold and that the rule docket in the office of the Clerk and Master shows that a subpoena to answer was issued, but gives the names of no defendants and that the rule docket contains no entry showing that subpoena to answer was ever returned and that no subpoena to answer issued, in the case filed under which the properties were sold, on the County Judge and that the County Judge never saw or knew or had any information of filing the tax bill or any published notice of filing the bill or any notice of the sale of the properties and that the County Judge had no information that the two properties were named in the bill nor that they were sold until he was informed when a deed was made to White; that no subpoena to answer was served on the conveyors of the property to Lawrence County or either of them; that neither of these parties had notice of any character of filing of the bill for the sale of the property; that a decree was rendered in this tax bill in August, 1951, ordering the land sold and that on September 24, 1951, that the defendant White became the purchaser of the land at $190.16 this being for taxes, interest and penalties, etc.; that on February 18, 1952, the Clerk and

Master reported on said sale and was confirmed by the Chancellor and the decree divested title out of Lawrence County and vested title in the defendant White; and that it was not until after this time that Lawrence County through its present County Judge learned anything at all about the situation and that the County had not paid these taxes for 1944-1945 which it assumed in its deed of purchase; that after the two-year period, the time for redemption, late in 1954 when the deed was made to White was the first that the County knew of these things and that this bill was filed soon thereafter, after the money had been appropriated for the payment of these taxes, after learning of this sale, and was tendered to White who refused to accept.

To this bill the defendant White demurred on five grounds, to wit: The first ground is that the bill admitted on its face that the County was indebted to White for a certain sum of money and it had not tendered this sum into court. The second is that the bill admits on its face that the County had filed a suit styled ''State of Tennessee, upon relation of Lawrence County, et al., v. Gaston Hoover, et al., the same being No. — of Lawrence County, Tennessee.''; that the bill shows that Lawrence County was complainant in that suit and now by this bill (instant bill) ''seeks to plead its own errors and its own failure to do those things which it was required by law to do as justification for the issuance of a permanent injunction against your defendant, Dennis Frank White''; that Lawrence County is estopped to plead and rely upon its own errors and omissions. The third ground of the demurrer is to the effect that the Clerk and Master had sold the property involved to White and that the County was charged with a notice of any defects

and errors and with its negligence in not checking the records when it brought the suit of Lawrence County v. Gaston Hoover, and it cannot now plead and rely upon these errors in a suit to set aside a deed which came about by reason of its own acts in bringing the previous suit. The fourth ground is to the effect that White bought the lands in question and that after he had bought it, Lawrence County, who was a complainant in the suit under which he bought these lands prayed for and obtained an order of sale and that at such order of sale, which was prayed for by Lawrence County, defendant White bought these lands. The fifth ground is a plea of laches because it is said that White bought this land under suit of Lawrence County in 1951 and that no question was raised by the County until some years afterwards when a deed was being executed to him.

The Chancellor overruled the demurrer *in toto* except he allowed the County to amend its bill and tender into court the sum which admittedly had been paid by White for this land plus interest and costs. It is from this decree of the Chancellor that White has appealed, assigned errors and brief in support thereof. We now have the matter for determination.

The assignments of error here are:

"1. The court erred in overruling defendant and appellant's demurrer in this cause.

"II. The court erred in failing to sustain the demurrer of the defendant, Dennis Frank White, in this cause."

Then follows a statement of the case and the argument thereunder which is to the effect that the County is estopped now to ask to have this deed to White set aside because the County brought the suit for the sale of the

land for delinquent taxes and having done so it cannot now come into court and argue or state that it had no knowledge of such a sale or that it was delinquent in these taxes and the court should not for this reason entertain the bill herein. The argument is based solely on the fact of the estoppel and laches of the County in not paying these taxes which it had assumed in 1946 for the preceding years of 1944-1945.

▬▬ Estoppel generally is a rather hard term to define and most definitions generally apply to the state of facts involved in the case in which the doctrine is applied. The estoppel sought to be applied in the instant case is what is known as equitable estoppel or estoppel in pais and such an estoppel is very ably defined, when considering the facts of the instant case, as:

"Equitable estoppel or estoppel in *pais* is the principle by which a party who knows or should know the truth is absolutely precluded, but at law and in equity, from denying, or asserting the contrary of, any material fact which, by his words or conduct, affirmative or negative, intentionally or through culpable negligence, he has induced another, who was excusably ignorant of the true facts and who had a right to rely upon such words or conduct, to believe and act upon them thereby, as a consequence reasonably to be anticipated, charging his position in such a way that he would suffer injury if such denial or contrary assertion were allowed." 19 Am. Jur., Sec. 34, p. 634.

To make the statement last above quoted is in itself to answer the position of the appellant. The County, it is true, inferentially through the fact that through its agent, the County Judge, on authorization of the County Court, had bought this property and assumed these taxes

knew nothing of the matter other than what it gained at the time that this property was purchased. There were two or three changes after that in the County Judges and in County representation and there is no showing (the fact is by the demurrer the statements of the bill are admitted which are that there was no knowledge whatsoever upon the part of the County in this suit, they were suing for taxes which they or the County itself owed) any of them had any actual knowledge of these matters. Before the County could be estopped to now raise the question that it is raising by the present lawsuit, it would be necessary to show that the person (White) who purchased this property was led to believe or acted upon the assumption that the County knew what it was doing and thus led him into the position of purchasing the property. The fact is, from the allegations of this bill which are demurred to and are true here, this person could have brought it to the attention of the County after this suit was filed and after he had purchased the property (evidently he knew what the property was and where it was that he was purchasing) while under this bill clearly no officials of the County or no one else knew that their property, that they had just spent this $20,000 on, was being sold for a small item of taxes that they owed.

Of course after the property was acquired by the County it was no longer subject to an assessment for taxes. The taxes sued on under which the appellant has a deed for the property was for taxes accrued prior to the time that the County purchased the property.

There is no authority of the County to sue for these unpaid taxes that it has assumed. This is an obligation that the County assumed when it purchased this

property as part of the purchase of the property. This Court in *Holtzclaw v. Hamilton County*, 101 Tenn. 338, 47 S.W. 421, said:

"If there is no authority to hold the county for any particular item of cost or expense, the courts must arrest any proceeding for that purpose, even if prosecuted by consent."

Obviously if there were unfaithful or negligent public officials they might obligate the County for untold items and absolutely wreck the County. Clearly the observation in the statement last above quoted, in the Hamilton County case, had this meaning or obligation on a court when these things are learned. We think that that statement can be carried further in the instant case. There is no authority under our tax statutes for the purpose of collecting past due taxes on property belonging to the County. This is especially true in view of the way the statute, Williams Annotated Code, sec. 1591 et seq., T.C.A. sec. 67-2003, provides that these suits may be brought. The suits are authorized to be brought as Chancery lawsuits and prosecuted in the name of the County and of any municipality that does certain things and joins therein for the use and benefit of the State. That is the way the suit here was prosecuted under which the appellant claims title to this land. Of course it is obvious and clear that the County would not, cannot, and should not be able to sue itself for an obligation that when it is paid would be divided in various ways, parts of which to go to the State and County and for other different things under the statutes.

■■ It is true that these actions are in rem and that the Court acquires jurisdiction of the property by its seizure and all those having an interest in the property

are deemed to have constructive notice of its seizure and are considered parties to the suit. *State ex rel. v. Collier,* 160 Tenn. 403, 435-436, 23 S.W.2d 897. What is the necessity of the County seizing property that it already owns? The State is not going to sue the County for its pro rata of taxes that the County collects or should collect. If such a situation arose the State would just withhold from monies coming from elsewhere that go to the County and would not give them to the County. So, as we see it, a suit of this character should not and could not be maintained by Lawrence County against itself in the first instance. If we are right in this premise clearly the judgment under which the deed to the appellant was made was void and this being true then anything based on this void judgment would likewise be of no effect when properly brought to the attention of the Court. Thus such a decree may be assailed at any time and it is in the same plight as though it never existed. *Tennessee Marble & Brick Co. v. Young,* 179 Tenn. 116, 163 S.W.2d 71.

Under the allegations of the bill here as we have heretofore mentioned no process was issued, none of the parties who had formerly owned this property were named or served with process. In other words there was no evidence or anything that process or notice was given to any of the parties interested. This being true, if done within a reasonable time, suit might be brought to invalidate a deed which is obtained under a suit where no notice or process had been issued. *West v. Jackson,* 28 Tenn. App. 102, 186 S.W.2d 915.

It is under a state of facts as herein presented that the strong arm of equity will take over and do equity under the circumstances. The Chancellor held that the

County should pay into the registry of the Court the amount of money paid in this delinquent tax suit by the appellant for this property plus interest from the date that he paid out this money. Clearly this is what good conscience and equity demand under the circumstances here presented. The case will be affirmed with the cost of this Court adjudged against the appellant and the cost below will remain as taxed by the Chancellor.. The case is remanded for the purpose of carrying out this opinion.