## CLINTON LIVESTOCK AUCTION COMPANY v. CITY OF KNOXVILLE.—376 S. W. (2d) 743.

Eastern Section. November 5, 1963.

Certiorari Denied by Supreme Court March 5, 1964.

Ely & Ely, Knoxville, for plaintiff in error.

Asquith, Ailor & Jones, Knoxville, for defendant in error.

McAMIS, P.J. The City of Knoxville in the exercise of its power of eminent domain brought this action

against Clinton Livestock Auction Company to acquire for highway purposes a triangular tract of land containing 5,142 square feet, fronting 91 feet on Willow Street in Knoxville. As authorized by T.C.A. sec. 23-1526, the condemner paid into court the sum of $6428.00, as the value of the land.

The trial jury fixed the value of the land at $6,000.00, or $428.00 less than the amount paid into court. Accordingly, as provided by the statute, a judgment was rendered against the defendant for that amount.

Defendant has appealed complaining that the Court erred in not holding that petitioner is estopped to contradict the averment of its petition that it had "determined $6,428.00 to be the amount to which the owners are entitled because of the taking * * *" and that there is, therefore, no evidence to support the verdict. This holding of the Court and the exclusion of evidence offered by defendant to show the amount tendered into court under the above mentioned averment of the petition are the principal grounds urged for reversal. It is tacitly conceded that, if the petitioner is not estopped to show a value less than the amount paid into court, there is material evidence upon which the jury and trial court could have fixed the value of the land at $6,000.00.

T.C.A. sec. 23-1526 provides:

"Payments into court at commencement of condemnation proceeding.—Whenever the State of Tennessee, its counties or municipalities, institutes a condemnation proceeding in any court, under the provisions of chapters 14 or 15 of title 23, to acquire any property or property rights, such condemner may deposit with the clerk of such court at the time of the filing of petition such amount

as it shall determine that the owner is entitled to and the owner may, if he so desires, make written request to said clerk to pay to him, without prejudice to any of his rights, said sum so deposited with the clerk, and the clerk shall pay to said owner the sum so deposited, provided the owner argees to refund the difference between said sum and the final award in the case if the final award be less than the sum so paid into court or that a judgment may be entered against him in said case for the difference. Such payment to the property owner or into court shall in nowise limit or fix the amount to be allowed under subsequent proceedings in said case, and any further or additional sum that may be finally awarded in any subsequent proceedings shall bear interest from the date of the filing of the petition to the date of the taking of possession of the property or property rights condemned by the condemner, whichever shall happen last; provided, however, that no interest shall be allowed on the amount deposited with said clerk.''

The statute serves a dual purpose. It enables the condemner to avoid the payment of interest from the date of the taking on the amount ultimately found to be due the owner and it permits the owner to realize, without delay and without prejudice, the amount tendered into court and if he wishes to do so to use it to buy property to replace that taken from him.

In sustaining the Act against attack on constitutional grounds the Supreme Court in an opinion by Mr. Justice Burnett, now Chief Justice, said:

''Of course, the amount deposited by the condemner is an amount that is judged by his appraisers as to the value under the formula set forth in Section 10, above referred

to. When this comes to trial before the jury, naturally the condemner is going to use appraisers to try to establish that value at less value while the property owner or landowner is going to use various appraisers to try to show an increased valuation. All this amounts to is purely a question of evidence. What the condemner deposits in court, does not fix the damages in any way in the world. It is purely what his side of the lawsuit testifies as to what they think the land is worth. This is rebutted, or just the other way around because, of course, the burden is always on the landowner to prove the damages he is entitled to for the taking of his property, which is to be rebutted by the condemner. Town of Erin v. Brooks, 190 Tenn. 407, 230 S. W. (2d) 397.'' Cattlett v. State, 200 Tenn. 1, 336 S. W. (2d) 8.

The construction advanced by defendant would frustrate the legislative intent and purpose to benefit both the condemner and the owner. The condemner has the option of paying an amount into court upon filing of the petition. It is not required to do so and it would never exercise this right if to do so would confer a unilateral advantage upon the land owner by placing a floor under the final award. The defendant in this case, having received the benefit of the Act by taking down the amount tendered into court, now seeks to tie the hands of the condemner contrary to the manifest intent of the Act to insure fairness and equality to both.

As observed by the Supreme Court in Cattlett v. State, supra, the determination of the amount to be paid into court has nothing to do with the proof to be offered at the trial by either party. In the absence of an express provision of the statute, it should not be given the effect of circumscribing the proof offered by the condemner,

while leaving the owner completely unrestricted in the development of proof on the question of value. To escape the payment of interest in case of a larger award by the jury, the condemner may fix an amount somewhat in excess of its appraisal reports. Under defendant's construction of the Act pragmatic considerations would all but deprive it of this privilege.

The construction of the Act above indicated is in accord with decisions under the Federal practice of tendering into court an amount determined by administrative action. See Orgel on Valuation Under Eminent Domain, Second Edition, Vol. 1, p. 644; O'Donnell v. United States, 8 Cir., 131 F. (2d) 882; United States v. Foster, 8 Cir., 131 F. (2d) 3.

■ It follows from what has been said that evidence of the amount paid into court or who made the appraisal upon which it was based was properly excluded.

We find no error. Affirmed.

Cooper, J., and Milligan, Special Judge, concur.