HOUSTON PARKER and wife, LYDA PARKER, Plaintiffs-in-Error, v. DAVID M. PACK, Commissioner of Highways of the State of Tennessee, Defendant-in-Error.—437 S.W.(2d) 251.

Middle Section. August 30, 1968.

Certiorari Denied by Supreme Court December 16, 1968.

Marshall Duggin, Woodbury, for plaintiffs in error.

George F. McCanless, Attorney General, State of Tennessee, Nashville, John R. Rucker, Murfreesboro, for defendant in error.

SHRIVER, P. J. (M.S.). The parties will be referred to as they appeared in the Trial Court, to wit: David M. Pack, Commissioner, as petitioner, and Houston Parker and wife as defendants.

## I

## THE CASE

This is a condemnation suit in which the petitioner, on behalf of the State of Tennessee, sought to condemn two parcels of land belonging to the defendants, being a part of a vacant lot located at the Southwest intersection of State Highway No. 53 (McCrary Street) and Lester Street, in the Town of Woodbury, Cannon County, Tennessee. Said lot fronts 100 feet on the West side of State Highway No. 53 (McCrary Street) and 150 feet on Lester Street.

The property sought by the State consists of parcel No. 1 comprising 33 square feet to be acquired in fee simple, and parcel No. 2 comprising 70 square feet to be acquired as a perpetual easement for highway purposes.

It is alleged that the Petitioner determined that $50.00 was the fair market value of the property and interests being acquired, which amount was deposited with the Circuit Court Clerk of Cannon County pursuant to Section 23-1528 et seq. T.C.A.

Defendants filed their plea excepting to the $50.00 assessment of damages as being wholly and grossly inadequate and demanded a jury trial.

The case was tried before Judge Richard F. LaRoche and a jury and resulted in a verdict for the Defendants fixing the amount for land taken as $206.00, and incidental damages to the remaining land at $100.00, or a total of $306.00.

After a motion for a new trial was overruled defendants perfected their appeal to this Court and have assigned errors.

## II
## ASSIGNMENTS OF ERROR

*Assignment No. 1* is to the effect that there was no credible evidence to support the verdict of the jury and that the verdict is contrary to the weight and preponderance of the evidence.

We find that there is substantial material evidence to support the verdict and, as has been stated in cases too numerous to mention, we do not consider the weight and preponderance of the evidence in a case on appeal from a jury verdict.

Assignment No. 1 is overruled.

*Assignment No. 2* is to the effect that the jury's verdict is contrary to the law applicable to the case, and that the verdict is so ridiculously low as to show passion, prejudice and unaccountable caprice on the part of the jury.

It will not be necessary to go into a discussion of this assignment other than to say that the first part thereof to wit; that the jury's verdict is contrary to the law of the case, has been held in numerous cases to be insufficient for consideration by this Court. General Motors Corp. v. Dodson, 47 Tenn.App. 438, 338 S.W.2d 655.

■ As to the second part of the Assignment, that the verdict is so low as to show passion, prejudice and unaccountable caprice, on the part of the jury, it seems to us that there is credible evidence in this record that the award of the jury is reasonable for the land taken and incidental damages, hence, this assignment is overruled.

■ *Assignment No. 3* complains of the action of the Trial Judge in refusing to grant defendants' motion to require plaintiff's counsel to read his petition verbatim to the jury and for failure to permit defendants' counsel to read their answer and pleadings verbatim to the jury.

It is to be noted that the petition contains an allegation of the fair market value of the property being acquired and the amount of money deposited in Court by the State.

The Bill of Exceptions does not reflect any discussion by counsel of the motion to have the pleadings read, nor any reasons stated by the Trial Judge for overruling the motion. However, we point out that in the case of Clinton Livestock Auction Co. v. City of Knoxville, 52 Tenn.App. 614 (617), 376 S.W.2d 743, in an opinion by Judge McAmis, the impropriety of stating to the jury or allowing to be presented to the jury, the amount deposited in Court by the condemnor is pointed out and commented on by the Court. In the opinion it is said that the determination of the amount to be paid into Court has nothing to do with the proof to be offered at the trial by either party and, in the absence of an express provision of the statute, it should not be given the effect of circumscribing the proof offered by the condemnor while leaving the owner completely unrestricted in the development of proof on the question of value, and that to escape the payment of interest in a case of a larger award by the jury, the condemnor has the right to fix an amount some-

what in excess of its appraisal reports. It is said that, under any other construction of the act, the condemnor would not take advantage of the opportunity of making the deposit and perhaps both parties would, thereby be put at a disadvantage.

In a still later case, Kennedy v. City of Chattanooga, 56 Tenn.App. 198, 405 S.W.2d 653 (657) in another opinion by Judge McAmis it was said:

"It is easy to imagine the devastating effect of allowing the jury to know the amount tendered into court and, as pointed out in Clinton Livestock, etc. v. City of Knoxville, supra, the practical effect would be that public authorities could not afford to risk proceeding under the Act."

In the Kennedy case the Court went on to affirm the action of the Trial Court in refusing to permit the property owner to read into the record before the jury the statement in the petition setting out the amount of money deposited with the Court.

Since the case at bar was fully developed before the jury and a full charge by the Trial Judge given to the jury we think the Assignment of Error is not good and should be overruled.

Counsel complains of the fact that no opening statement was made by counsel for either side at the beginning of the trial. But we find nothing in the transcript before us that indicates any effort on the part of counsel for either side to make an opening statement, or any refusal by the Trial Judge to permit them to do so.

On the whole, we think Assignment No. 3 is not good and should be overruled.

■ *Assignment No. 4* charges error in the denial of defendants' motion to strike from the record the testimony of petitioner's witness, Mr. Barton Smith, and to instruct the jury to disregard same. Counsel seem to base their assignment on the alleged lack of qualifications of Mr. Barton Smith to testify as to the value of defendants' property and the value of the land taken and incidental damages.

We have read Mr. Barton Smith's testimony and find that the objections are not well taken.

For example, Mr. Smith, testified that he lived at McMinnville, an adjoining county to Cannon, where the property is located; that he has been working for the State of Tennessee as an appraiser in the Highway Department for more than ten years, and that he has been in this type of work for about 15 years; that prior to that time he was a real estate broker in Tennessee, doing business primarily in Warren County and surrounding counties. He was asked if he had had occasion to attend, or to have knowledge of the sale of real estate in Cannon County, prior to this particular project and he answered in the affirmative. He stated that he had held a few sales in Cannon County, more particularly East and Southeast of Woodbury, and that he had attended many sales in Cannon County even before he began appraising for the State.

He was asked if he had made a search of the records of Cannon County with reference to sales of property in this area, and his answer was: "Yes, sir, I've run in Cannon County on the project I'd say fifteen different sales. Of course, however, all of them don't fit."

He also stated that he had examined comparable sales and stated, "I searched the records and found them and

confirmed them by the grantor or the grantee.'' He also referred to one particular sale which was used as a comparable sale by the defendants as being one considered by him.

He fixed the value of the vacant lot in question at $14,800.00, which was $1.00 a square foot, there being 14,810 square feet in the lot, and, on that basis he found the value of the land taken to be $200.00.

On cross-examination he said that the actual appraisal of the land taken was $166.00 but that he rounded it out to $200.00.

On the whole, we are in agreement with the Trial Judge that this witness qualified to the extent that his testimony certainly should not have been stricken from the record but should have been submitted to the jury for its consideration, as to the weight to be given to same. This matter was largely discretionary with the Trial Judge and we would not be justified in interfering with the exercise of his discretion.

This assignment is overruled.

*Assignment No. 5* charges error on the part of the Trial Judge in denying the defendants' offer of proof that the petitioner's road improvement program was the initiating proximate cause of the relocation of utilities along the right-of-way near the defendants' property, particularly the Town of Woodbury water line, which necessitated the relocation of a fire hydrant from the North side of Lester Street to the South side of the street adjacent to defendants' property.

We have examined the testimony and the action of the Trial Judge with respect to this proposition and find no merit in this assignment.

This is true because the relocation of the water line was a matter that addressed itself to the discretion and action of the Town of Woodbury. It is shown that the State of Tennessee had nothing to do with the action of the Town of Woodbury in locating the fire hydrant which was placed adjacent to or near the property of defendants. It was located on the property or right-of-way belonging to the City of Woodbury. Thus, the Trial Judge was not in error in declining to permit defendants to introduce proof of incidental damages by reason of the location of this fire plug near their property. This assignment is, therefore, overruled.

*Assignment No. 6* is to the effect that the Trial Judge erred in failing to grant the defendants a new trial because of newly discovered evidence relative to the change of elevation and the cutting down of the grade of Tennessee Highway No. 53, which was changed from the original plans and specifications and not known by the jury on the date of trial.

It appears that, at the trial, a witness for the State, Mr. Adams, testified from the plans and specifications that the grade along the highway adjacent to the defendants' property would be lowered a maximum of one foot.

The evidence that counsel sought to show at the motion for a new trial, which they said entitled them to a new trial, seems to indicate that the change in elevation was from one foot to four inches, which, if true, would be an advantage to the defendants rather than otherwise.

In any event, there was a full discussion before the jury of the change in elevation of the street or highway because of the improvement and, as one competent wit-

ness testified, he thought the defendant was not damaged in any way by this change but in some respects his situation was improved.

The change in grade, which was apparently insignificant, was submitted to the jury for its consideration and we think the Trial Judge, in the exercise of his discretion, correctly refused to order a new trial on the theory that this so-called new evidence was likely to change the verdict in any material way. Moreover, there is no showing of due diligence on the part of the defendants in discovering or failing to discover this evidence before or at the trial.

It results that all assignments are overruled and the judgment of the Trial Court is affirmed.

Affirmed.

Puryear and Todd, JJ., concur.