RICK HOLLOWAY,           )

                                )

     **Plaintiff/Appellee,**       )      **Maury Circuit**

                                )      **No.  7188**

**VS.**                          )

                                )      **Appeal No.**

**JOHN R. COLLIER, JR.,**     )      **01A01-9704-CV-00153**

                                )

     **Defendant/Appellant.**     )

**FILED**

November 14, 1997

Cecil W. Crowson
Appellate Court Clerk

## IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

### APPEAL FROM CIRCUIT COURT OF MAURY COUNTY
### AT COLUMBIA, TENNESSEE

## HONORABLE WILLIAM B. CAIN, JUDGE

John S. Colley, III #12029
COLLEY & COLLEY
P.O. Box 1476
Columbia, Tennessee 38402-1476
ATTORNEY FOR PLAINTIFF/APPELLEE

Robert L. Trentham, #2257
Mark Tyler Seitz, #11868
TRABUE STURDIVANT & DEWITT
2500 Nashville City Center
511 Union Street
Nashville, Tennessee 37219
ATTORNEYS FOR DEFENDANT/APPELLANT

## REVERSED AND REMANDED.

                     HENRY F. TODD
                     PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

BEN H. CANTRELL, JUDGE

CONCUR IN SEPARATE OPINION:
WILLIAM C. KOCH, JR., JUDGE

| | | |
|---|---|---|
| RICK HOLLOWAY, | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | **Maury Circuit** |
| | ) | **No. 7188** |
| VS. | ) | |
| | ) | **Appeal No.** |
| JOHN R. COLLIER, JR., | ) | **01A01-9704-CV-00153** |
| | ) | |
| Defendant/Appellant. | ) | |

# O P I N I O N

The defendant, John R. Collier, Jr., has appealed from a jury verdict and judgment awarding the plaintiff, Rick Holloway, $17,000.00 compensatory damages for a tort described in the complaint as follows:

> 2. In June, 1995, Rick Holloway was an at-will employee of Centex-Rogers Construction Company.

> 3. Centex-Rogers Construction Company was providing materials and services to Maury Regional Hospital in the first half of 1995 in the form of a construction project at Maury Regional Hospital.

> 4. Plaintiff Rick Holloway worked at and on the Maury Regional Hospital construction project for Centex-Rogers Construction Company several months prior to June 1995.

> 5. In May and/or June 1995, Defendant John R. Collier, Jr. contacted one or more individuals at Centex-Rogers Construction Company regarding Plaintiff Rick Holloway.

> 6. Defendant John R. Collier, Jr. communicated to Centex-Rogers Construction Company in May and/or June, 1995 that Plaintiff Rick Holloway had improperly reroofed a Maury Regional Hospital employee's home, and in doing so, had violated the trust of Maury Regional Hospital management.

> 7. The statements communicated to Centex-Rogers Construction Company by Defendant John R. Collier, Jr. as set forth in the preceding paragraph were not true, and Defendant John R. Collier, Jr. either knew or should have known that said statements were untrue.

> 8. The statements communicated by Defendant John R. Collier, Jr. to Centex-Rogers Construction Company as set forth in the preceding two paragraphs were made maliciously, and were made intentionally or recklessly, with the intent to procure the termination of Plaintiff Rick

Holloway's employment with Centex-Rogers Construction Company.

9. In communicating the aforementioned statements to Centex-Rogers Construction Company, Defendant John R. Collier, Jr. did, by inducement, persuasion, misrepresentation, and/or other means, wrongfully interfere with the at-will employment between Centex-Rogers Construction Company and Plaintiff Rick Holloway. Defendant John R. Collier, Jr. is therefore liable for Plaintiff's lost wages since his termination on June 11, 1995.

The defendant answered, denying the material portions of the complaint and stating:

14. The Complaint fails to state a claim.

15. The Defendant is immune from suit under the provisions of Tennessee's Governmental Tort Liability Act because at all times material to the Complaint, he was acting within the course and scope of his employment as Assistant Administrator at Maury Regional Hospital.

16. The Plaintiff's Complaint is barred by the applicable statute of limitations.

17. The Defendant's communications to Centex-Rogers Construction Company concerning the Plaintiff are protected by a qualified privilege.

WHEREFORE, having fully answered, the Defendant demands a jury of twelve (12) to try the case against him; prays that the Complaint filed against him be dismissed; and prays that he be awarded his discretionary costs incurred in conjunction with the defense of this matter.

The cause was tried to a jury with the result stated above.

Upon appeal to this Court, the defendant appellant presents a single issue as follows:

1. Whether the plaintiff presented material evidence to support the jury's verdict that the defendant is liable under the theory of intentional interference with an employment relationship.

The verdict of a jury may be set aside only if there is no material evidence to support the verdict. TRAP Rule 13d, *Smith County v. Eatherly*, Tenn. App. 1991, 820 S.W.2d 366.

A verdict may be reversed on appeal if, after taking the strongest legitimate view of the evidence in favor of the successful party, the appellate court finds that a reasonable mind could reach only one conclusion and that conclusion is contrary to the verdict. *Wharton Transport v. Bridges*, Tenn. App. 1980, 606 S.W.2d 521; *Holmes v. Wilson*, Tenn. App. 1977, 551 S.W.2d 682; *Flynn v. Shoney's Inc.*, Tenn. App. 1992, 850 S.W.2d 458.

In *Forrester v. Stockstill*, Tenn. App. 1994, 869 S.W.2d 328, the employee at-will sued his corporate employer and its directors who made the decision to discharge him. The Supreme Court held that the employee had no contractual right to continued employment and thus no claim for procurement of breach of contract and that the directors were not liable for intentionally interfering with plaintiff's employment.

There is a statutory tort of inducement or procurement of breach of contract. T.C.A. § 47-50-109. The elements of the cause of action are, knowledge of the wrongdoer of a legal contract, malicious intent of wrongdoer, and a resultant breach of the contract with damages. *TSC Indus. Inc. v. Tomlin*, Tenn. App. 1987, 743 2d 169.

There is evidence from which a reasonable jury might find the following:

1.  Centex-Rogers Construction Company was engaged as general contractor to construct a building for Maury Regional Hospital.

2.  John R. Collier, assistant administrator of the hospital had oversight of security of the hospital and the construction being performed by Centex.

3.  In September 1994, Micky Jenkins, job superintendent for Centex, hired plaintiff temporarily to work as a carpenter on the job as an "at will" employee of Centex.

4. In February 1995, while still employed by Centex on the same project, plaintiff agreed with Doug Johnston, a hospital security guard under the supervision of Collier, the assistant hospital administrator, to repair a roof for Johnston, the security guard.

5. This was "spare time" work, and did not interfere with plaintiff's work on the hospital building.

6. Johnston became dissatisfied with the delay in completion of the roof job by plaintiff and, on several occasions, Johnston complained about the delay to his supervisor, Charles Perkins, chief of security of the hospital.

7. Both plaintiff and Johnston had volatile personalities, and Johnston's superiors were concerned about the possibility of an altercation between the two on hospital premises.

8. Hospital authorities informed a Centex supervisor of their concern about the difficulty between plaintiff and Johnston, but did not suggest that any action be taken.

9. On June 9, 1995, plaintiff was discharged by Centex.

Moreover, there is no evidence that defendant published any statement that there was danger of an altercation on the job between plaintiff and defendant. This was a conclusion reached from reports received from others by the hospital authorities who in turn reported their concerns to the plaintiff's employer. The report of their concerns by the hospital authorities was the obvious cause of plaintiff's discharge, and none of the hospital authorities is a party to this action.

No evidence is found in this record to support a verdict for plaintiff against defendant. The verdict and judgment of the Trial Court are therefore vacated and reversed and plaintiff's suit is dismissed. Costs of this appeal are taxed against the plaintiff appellee. The cause is remanded to the Trial Court for further proceedings in conformity with this opinion.

**REVERSED AND REMANDED.**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCURS:

_____
BEN H. CANTRELL, JUDGE

CONCUR IN SEPARATE OPINION:
WILLIAM C. KOCH, JR., JUDGE