# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**February 1, 2000**

**Cecil Crowson, Jr.
Appellate Court Clerk**

| | | |
|---|---|---|
| STEVEN B. DARGI, | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | |
| | ) | |
| ANDREA L. DARGI, | ) | |
| | ) | |
| Plaintiff, | ) | Appeal No. |
| | ) | M1999-00145-COA-R3-CV |
| VS. | ) | |
| | ) | Davidson Circuit |
| THE TERMINIX INTERNATIONAL | ) | No. 97C-1269 |
| COMPANY, L.P.; DICK L. DOAK, | ) | |
| NCARB ARCHITECT, d/b/a CENN- | ) | |
| TENN BUILDING CONSULTANTS; | ) | |
| EARLE DuRARD, d/b/a ResCOMM; | ) | |
| and AMICA MUTUAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Defendant/Appellee. | ) | |

## APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
## AT NASHVILLE, TENNESSEE

### THE HONORABLE WALTER C. KURTZ, JUDGE

FOR THE APPELLANT:

JOHN E. HERBISON
Nashville, Tennessee

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

ELIZABETH T. RYAN
Assistant Attorney General
Nashville, Tennessee

### AFFIRMED AND REMANDED

BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

## O P I N I O N

The plaintiff repeatedly cursed and insulted the defendant's attorney during a taped deposition. The attorney played portions of the tape during the

trial. The trial court found that the plaintiff's utterances constituted criminal contempt. We affirm.

## I. AN UNPLEASANT DEPOSITION

Steven Dargi sued the Terminix Company for termite damage to his home. The defendant's attorney took the plaintiff's videotaped deposition on February 16, 1999. During the deposition, Mr. Dargi refused to answer questions, repeatedly used foul language, and uttered numerous insults to the attorney. Among other things, he called him "a son of a bitch," and a "piece of low-life s--t," and told him to "go f--k yourself" and to "shut the f--k up." The attorney requested recesses twice in order to calm the situation.

The case went to trial on March 4, 1999. During the trial, the defendant played portions of the videotape for the court. One juror was so upset upon hearing it that she wrote a note to the judge asking why she had to be subjected to such language. The trial court charged Mr. Dargi with criminal contempt for his use of the offending language, and ordered a hearing on March 26, 1999.

Mr. Dargi secured the services of attorney John Herbison to represent him during the contempt hearing. Mr. Herbison filed a copy of his notice of appearance on the Tennessee Attorney General stating that he planned to raise a constitutional challenge to the contempt statutes. During the hearing, Mr. Dargi admitted using the language in question and apologized to the court. He claimed that because of physical ailments and financial worries, he had been unable to sleep for two and a half days before the deposition, and that this contributed to his outbursts. The court found Mr. Dargi guilty of four counts of criminal contempt, and fined him $50 for each count. This appeal followed.

## II. THE CONTEMPT STATUTE

The power to punish parties for misconduct in the courtroom is absolutely essential to the smooth functioning of the judicial system. "Criminal contempts . . . are intended to preserve the power and vindicate the dignity and authority of the law, and the court as an organ of society." *Black v. Blount*, 938 S.W.2d 394 (Tenn. 1996).

The power of the court to punish contempts, while known at common law, is now derived from statute:

> **29-9-102. Scope of Power** – The power of the several courts to issue attachments, and inflict punishments for contempts of court, shall not be construed to extend to any except the following cases:
>
> (1) The willful misbehavior of any person in the presence of the court, or so near thereto as to obstruct the administration of justice.
>
> (2) The willful misbehavior of any of the officers of said courts, in their official transactions.
>
> (3) The willful disobedience or resistance of any officer of the said courts, party, juror, witness, or any other person, to any lawful writ, process, order, rule, decree, or command of said courts.
>
> (4) Abuse of, or unlawful interference with, the process or proceedings of the court.
>
> (5) Willfully conversing with jurors in relation to the merits of the cause in the trial of which they are engaged, or otherwise tampering with them.
>
> (6) Any other act or omission declared a contempt by law.

The trial court did not specify under which provisions of the contempt statute it was proceeding. Appellant argues that none of them are applicable to Mr. Dargi's conduct. While it is undisputed that sections (2), (3), (4) or (5) of Tenn. Code. Ann. § 29-9-102 do not apply, we believe that section (1) does.

-3-

Appellant argues that Mr. Dargi's misbehavior cannot be deemed to be "in the presence of the court, or so near thereto as to obstruct the administration of justice." Appellant argues that he made his statements outside the presence of the court, and that the court would not have been affected by them in any way if the defendants themselves had not chosen to play the excerpts from the tape.

We must note at the outset the critical role oral depositions play in civil litigation. Because of their importance, depositions are conducted under conditions designed to resemble those in the courtroom. *See generally* Rules 30 and 32 of the Rules of Civil Procedure. The attendance of witnesses may be compelled by subpoena; the proceedings are under oath; examination and cross examination are carried out under the Tennessee Rules of Evidence; witnesses are obligated to answer all questions put to them, except under very limited circumstances.

One reason for the solemnity and formality surrounding the taking of depositions is the possibility that deposition testimony will be introduced into court. Under Rule 32.01 of the Rules of Civil Procedure, deposition testimony may be used in court under a variety of different circumstances, "as though the witness were then present and testifying."

It is especially significant that the deposition of a party is admissible for any purpose. *Nelms v. Tennessee Farmers Mutual Insurance Co.*, 613 S.W.2d 481 (Tenn. Ct. App. 1978). Mr. Dargi thus should have been aware that any statement he made at deposition could have been presented to the court, and that for all intents and purposes he cursed and insulted the opposing attorney in the presence of the court, just as if he were on the witness stand.

Even if we ruled that the contempt was not committed in the presence of the court, we would still have to find that it was "so near thereto as to obstruct the administration of justice." While Mr. Dargi's taped outbursts did not bring the proceedings to a halt, the reaction of the juror who wrote the note shows that they were an unwelcome distraction from the claims under consideration. There can thus be no doubt that his conduct constituted criminal contempt under Tenn. Code. Ann. § 29-9-102(1).

### III. MR. DARGI'S LANGUAGE

It is also possible that the trial court could have found Mr. Dargi guilty of contempt under Tenn. Code. Ann. § 29-9-102(6). This catch-all provision gives the court power to punish "any act or omission declared a contempt by law," and thus incorporates by implication Tenn. Code. Ann. § 29-9-107, which reads:

> **Profanity; fines and penalties** – Any person who profanely swears or curses in the presence of any court of record commits a Class C misdemeanor.

The trial court's order of March 26 stated that Mr. Dargi was found in contempt "for four (4) separate uses of obscene/profane language." Appellant's attorney argues that Mr. Dargi's language, while vulgar, cannot be considered obscene or profane as a matter of law, and that application of Tenn. Code. Ann. § 29-9-107 to the facts at hand amounts to a violation of constitutional due process, because Mr. Dargi was not given fair warning that his conduct was forbidden. We do not reach this issue, however, since we have already found that Mr. Dargi's conduct constituted criminal contempt under Tenn. Code. Ann. § 29-9-102(1).

## IV. DIRECT AND INDIRECT CONTEMPTS

An act of criminal contempt that is committed in the actual presence of the court is considered to be a direct contempt. Rule 42(a) of the Rules of Criminal Procedure permits the court to summarily punish a direct contempt if the judge certifies that he or she saw or heard the conduct constituting the contempt.

If the contempt is committed outside of court, or is unwitnessed by the judge, it is considered to be an indirect contempt. Rule 42(b) provides that an indirect contempt may only be prosecuted on notice, and after a hearing at which the contemnor has the right to defend himself. Summary punishment of an indirect contempt would violate constitutional due process guarantees.

Appellant argues that in this case, the contempt must be considered indirect, because it was committed sixteen days before trial in the offices of the defendant's attorney, and thus that the procedures followed by the trial court offended constitutional due process. However, as we stated in Section II of this opinion, we have found that the conduct constituting Mr. Dargi's contempt must be deemed to have been committed in the presence of the court, and there can be no doubt that the judge heard it.

At the hearing of March 26, the trial judge stated that although he found the situation a little bit odd, he was dealing with it as a direct contempt. He said, "the Judge heard what he heard. It's not like I need to have a hearing about what was said, or who hit who, or who did what. I mean, I know what happened. I was here."

The judge explained that he ordered a hearing so Mr. Dargi could explain his conduct, and possibly mitigate the punishment coming to him.

Perhaps the court was also acting out of an abundance of caution, because of the unusual circumstances. In any case, we believe that Mr. Dargi received all the due process that he was entitled to.

## V.

The order of the trial court is affirmed. Remand this cause to the Circuit Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant, Steven Dargi.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE