IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 12, 2000 Session

# CYNTHIA JUNE BURGESS, et vir., RICKY ALBERT BURGESS, v. TIE CO. 1, LLC.

**Direct Appeal from the Circuit Court for Coffee County**
**No. 28,893     Hon. L. Craig Johnson, Circuit Judge**

---

**No. M1999-02232-COA-R3-CV - Filed November 15, 2000**

---

In this slip and fall action the Trial Court granted defendant summary judgment. We vacate and remand.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Vacated.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR.,J., and D. MICHAEL SWINEY, J., joined.

Mark A. Williams, Manchester, Tennessee, for Plaintiffs-Appellants, Cynthia June Burgess and Ricky Albert Burgess.

Gerald L. Ewell, Tullahoma, Tennessee, for Defendant-Appellee, Tie Co. 1, LLC.

## OPINION

This action resulted from a slip and fall on ice at a car wash owned by defendant. The Trial Judge granted defendant summary judgment, and plaintiffs have appealed.

The record establishes that on January 29, 1997, at approximately 10:30 a.m., plaintiff slipped and fell on ice on defendant's premises while utilizing the service of its self-service car wash. One of the plaintiffs testified it was pretty warm that morning, and the other testified she didn't "think it was freezing that morning". Defendant's affidavits established they had no actual knowledge of any icy condition, and that they inspected the premises every day, seven days a week. An employee of the defendant testified that he inspected the premises at 5:00 p.m. on January 28,

and again at 5:00 p.m. on January 29, and observed no icy conditions, nor had anyone complained about an icy condition.

A party seeking summary judgment must establish there is no genuine issue of material fact, and that it is entitled to a judgment as a matter of law. *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993). No presumption of correctness attaches to decisions granting summary judgments, because they involve questions of law. *Hembree v. State*, 925 S.W.2d 513 (Tenn. 1996).

As a general rule, negligence cases are not amenable to disposition on summary judgment unless from all the facts taken together and with all the inferences to be drawn and facts and inferences are so certain and uncontraverted that reasonable minds would agree. *See Keene v. Cracker Barrel Old Country Store*, 835 S.W.2d 501 (Tenn. Ct. App. 1992).

In deciding a motion for summary judgment, the court must view the pleadings and evidence before it in the light most favorable to the opponent of the motion on an issue-by-issue basis. *Wyatt v. Winnebago Industries, Inc.,* 566 S.W.2d 276 (Tenn. Ct. App. 1977).

We said in *Martin v. Washmaster Auto Center, U.S.A.,* 946 S.W.2d 314 (Tenn. Ct. App. 1996):

> In order for an owner or operator of premises to be held liable for negligence in allowing a dangerous or defective condition to exist on its premises, it must be shown that the condition (1) was caused or created by the owner, operator, or his agent, or (2) if the condition was created by someone other than the owner, operator, or his agent, there must be actual or constructive notice on the part of the owner or operator that the condition existed prior to the accident. . . . Constructive knowledge can be shown by proving the dangerous or defective condition existed for such a length of time that the defendant, in the exercise of reasonable care, should have become aware of such condition. . . .

P. 318 (internal citations omitted).

Considering the evidence in the light of the above standard, a trier of fact could reasonably infer that the icy conditions were created during the night of January 28, 1997, or earlier. The trier of fact could further reasonably infer that the icy conditions were not created on the morning of the accident, because taking the strongest legitimate view of plaintiff's testimony, it was not freezing weather that morning.

The evidence established that the defendant only inspected the premises at 5:00 p.m. each day. The issue thus becomes whether in mid-winter defendant had a duty to inspect the premises early in the morning for icy conditions, as it had a duty to maintain its premises in a reasonably safe condition for its invitees.

Whether an owner has exercised the required degree of care to its invitees is a question of fact for the jury. *Kendall Oil Co. v. Payne*, 293 S.W.2d 40 (Tenn. Ct. App. 1955). Taking the strongest legitimate view of the evidence in favor of the plaintiffs, and according all reasonable inferences in their favor, we conclude that summary judgment was inappropriate in this case, and we vacate the Trial Court's judgment and remand for further proceedings consistent with this Opinion. The cost of the appeal is taxed to Tie Co. 1, LLC.

_____
HERSCHEL PICKENS FRANKS, J.