IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 27, 2001 Session

**ELLA JEAN McCAIN, CONSERVATOR OF
THE PERSON AND PROPERTY OF HERMAN McCAIN
v.
CHARLES DAVID PUGH**

**An Appeal from the Circuit Court for Fayette County**
**No. 3789    Jon Kerry Blackwood, Judge**

**No. W2000-02218-COA-R3-CV - April 29, 2002**

This is a personal injury case arising from a vehicle/pedestrian accident. A pedestrian wandered from the nursing home at which he resided and began walking alongside a roadway. The defendant driver saw the pedestrian as he was driving on the roadway. As the driver approached, the pedestrian suddenly stepped into the roadway and was struck by the defendant's truck. The pedestrian suffered significant injuries. The pedestrian's daughter, as his conservator, filed suit against the defendant driver. At the conclusion of the plaintiff's proof, the defendant driver moved for a directed verdict on the grounds that there was insufficient evidence that the defendant driver was negligent. The trial court granted a directed verdict for the defendant driver and the plaintiff now appeals. We affirm, finding that the plaintiff failed to adduce evidence from which a reasonable jury might conclude that the defendant driver was negligent.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J., and DAVID R. FARMER, J., joined.

James V. Ball, Memphis, Tennessee, for the appellant, Ella Jean McCain.

Paul L. Burson, Memphis, Tennessee, for the appellee, Charles David Pugh.

**OPINION**

This is a personal injury case arising from a vehicle/pedestrian accident. Plaintiff/Appellant Jean McCain ("Ms. McCain") is the daughter and conservator of her father, Herman McCain ("Mr. McCain"), the pedestrian involved in the accident. Mr. McCain suffered from dementia related to Alzheimer's disease and, after suffering a stroke in the fall of 1995, was placed in the care and

custody of the Layton Watson Nursing Home in Gallaway, Tennessee. The nursing home is located on Old Brownsville Road just south of the intersection of Old Brownsville Road and Highway 70.

On the evening of the accident, Mr. McCain wandered away from the nursing home and began walking northward along the west side of Old Brownsville Road. As Mr. McCain was walking northward in the direction of Route 70, Defendant/Appellee Charles Pugh ("Pugh") turned his pick-up truck off of Route 70 and began heading south on Old Brownsville Road. Pugh saw Mr. McCain walking alongside his lane as soon as he made the turnoff; however, Pugh continued driving in his lane as Mr. McCain continued walking beside the road. In fact, Pugh increased his speed to approximately 30 mph as he got closer to Mr. McCain. Suddenly, Mr. McCain turned from his northward direction and stepped in front of Pugh's truck. Pugh's truck struck Mr. McCain. As a result of the accident, Mr. McCain suffered severe injuries, including a fracture of the maxillary sinus wall and a Grade I liver laceration.

Ms. McCain, as her father's conservator, filed suit against Pugh alleging, *inter alia*, that Pugh was negligent in failing to maintain proper control of his vehicle and failing to maintain a proper lookout for pedestrians using the roadway and that his negligence was the direct and proximate cause of the accident. The case was tried before a jury on April 6, 2000.

At the trial, Ms. McCain presented two witnesses whose testimony related to the circumstances of the accident, the investigating trooper, Charles Dugger, and the defendant Pugh. Trooper Dugger testified that, from his investigation after the accident, he estimated the point of impact to be approximately in the center of the southbound lane, or some four and a half feet from the outside edge of the lane. Pugh was the only eyewitness to the accident. Relevant to this appeal, Pugh testified as follows:

1) Pugh was aware that the nursing home was located nearby and that he had seen residents of the nursing home walking alongside Old Brownsville Road on previous occasions. Pugh noticed that Mr. McCain was "having some problems walking" leading him to believe that he might have been a resident of the nursing home.

2) It was dusk at the time of the accident and, therefore, Pugh had his headlights on. Pugh was able to see Mr. McCain walking in the gravel along the road from the time he first turned on to Old Brownsville Road.

3) Mr. McCain continued walking along the road approximately two feet from the edge of the lane and at no time did he indicate that he was going to step into Pugh's lane.

4) Pugh took no extraordinary actions to alert Mr. McCain of his approach such as flashing his lights or sounding his horn. He did not move his car over to the centerline of the roadway. He continued speeding up even as he approached Mr. McCain; however, at all times he remained under the posted speed limit of 35mph.

5) Pugh did not see the impact and did not realize he had struck Mr. McCain until he looked in his rearview mirror. He did not swerve into the other lane or take any other action to avoid striking Mr. McCain.

6) Notwithstanding his admission that he did not see the impact, Pugh also stated that Mr. McCain took one "giant step" into the path of his truck.

7) Had Mr. McCain continued walking along Old Brownsville Road and not suddenly stepped into the roadway, the accident would not have happened.

Thus, Pugh's undisputed testimony was that Mr. McCain gave no indication in advance that he intended to walk in the roadway, and that Pugh's vehicle struck Mr. McCain when Mr. McCain took a sudden "giant step" into the path of Pugh's vehicle.

At the close of the plaintiff's proof, Pugh made a motion for a directed verdict, arguing that Ms. McCain had failed to adduce any evidence from which a jury could reasonably conclude that Pugh was negligent or that his actions were a proximate cause of the accident. Ms. McCain argued that Pugh's own admissions, as well as the testimony of Trooper Dugger, created a disputed issue of material fact as to Pugh's alleged negligent acts and the proximate cause of the accident. The trial court granted a directed verdict in Pugh's favor. From this order, Ms. McCain now appeals.

On appeal Ms. McCain argues that, from the "established facts and the conflicting testimony of Defendant," the jury could reasonably have returned a verdict in her favor. She argues that a jury could reasonably find that Pugh was negligent in that he knew or should have known that Mr. McCain was confused and incapacitated and yet Pugh failed to slow down or take other necessary precautions and Pugh failed to maintain a safe lookout for pedestrians in the roadway. In either case, Ms. McCain argues, the jury could reasonably find that Pugh's negligence was a proximate cause of the accident.

When deciding a motion for a directed verdict, the court must look to all the evidence, take the strongest legitimate view of the evidence in favor of the opponent of the motion, and allow all reasonable inferences in favor of that party. *Eaton v. McClain*, 891 S.W.2d 587, 590 (Tenn. 1994). The court must discard all countervailing evidence, and if there is then any dispute as to any material fact, or any doubt as to the conclusions to be drawn from the whole evidence, the motion must be denied. *Conatser v. Clarksville Coca-Cola Bottling Co.*, 920 S.W.2d 646, 647 (Tenn. 1995); *Hurley v. Tenn. Farmers Mut. Ins. Co.*, 922 S.W.2d 887, 891 (Tenn. Ct. App. 1995). A directed verdict cannot be sustained if there is material evidence in the record which would support a verdict for the plaintiff under any of the theories the plaintiff has advanced. *Id.*; *Conatser*, 920 S.W.2d at 647.

In order to recover under a negligence theory, plaintiff must establish: (1) a duty of care owed by the defendant to plaintiff; (2) conduct falling below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause.

***McCall v. Wilder***, 913 S.W.2d 150, 153 (Tenn. 1995). "In a negligence action, the standard of conduct is always the same. It is a standard of reasonable care in light of the apparent risk. If defendant does not exercise reasonable care, defendant has breached the duty." ***Id.*** at 153-154 (citations omitted). Negligence may not be presumed from the mere fact of the accident itself. ***Armes v. Hulett***, 843 S.W.2d 427, 432 (Tenn. Ct. App. 1992). Whether the defendant has exercised reasonable care is normally a question of fact to be left to the jury; therefore, negligence cases are generally not appropriate for disposition through a directed verdict. ***See Burgess v. Tie Co. 1, LLC.***, 44 S.W.3d 922, 923-924 (Tenn. Ct. App. 2000) (reversing trial court's grant of summary judgment on the grounds that whether a car wash owner exercised reasonable care to its invitees was a question of fact for the jury). Where, however, all the facts and all the inferences from the facts are so certain that reasonable minds could only come to the conclusion that the defendant exercised reasonable care, the trial court should grant a directed verdict for the defendant. ***See id.*** at 923.

In this case, Ms. McCain argues first that Pugh was or should have been aware of Mr. McCain's impaired condition and, therefore, should have taken extraordinary precautions. She relies on Pugh's testimony that he knew the location of the nursing home, that he had previously seen residents of the nursing home walking in that area, and that Mr. McCain was having problems walking. However, Pugh further testified that at no time did Mr. McCain indicate that he was about to suddenly step into the roadway. Under these circumstances, there is no evidence from which the jury could reasonably conclude that Pugh was negligent in not taking precautions such as sounding his horn, flashing his lights or slowing down.

Secondly, Ms. McCain seeks to cast doubt on Pugh's testimony that Mr. McCain suddenly stepped into the path of his vehicle. Rather, Ms. McCain asserts that the accident was caused by Pugh's failure to maintain a safe lookout for pedestrians in the roadway.[1] She focuses on Trooper Dugger's testimony that the point of impact occurred some four and a half feet inside Pugh's lane. Ms. McCain asserts that, if Mr. McCain had suddenly turned and taken a single step into the roadway, that step would have had to have been some six and a half feet in length. Regardless, the gravamen of Pugh's testimony was that Mr. McCain suddenly stepped into the roadway, and there is no other evidence to support the inference that Pugh had sufficient time to avoid the accident. Under all of these circumstances, we must find that there was insufficient evidence for the jury to reasonably conclude that the accident was caused by Pugh's negligence, and that the trial court did not err in granting Pugh a directed verdict.

---

[1] Ms. McCain argues that Pugh's admitted defective vision in his right eye, in and of itself, creates a reasonable inference that Pugh was negligent in failing to maintain a proper lookout. However, no evidence was produced showing that Pugh's defective vision contributed to the accident in any way. Therefore, a finding for Ms. McCain based on Pugh's vision impairment would have required impermissible speculation by the jury.

The order of the trial court is affirmed.  Costs of this appeal are taxed to the appellant, Ella Jean McCain, and her surety, for which execution may issue if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE