IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 6, 2002 Session

## JULIA WILKES, ET AL. v. FRED'S, INC. d/b/a FRED'S SUPER STORE, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. 77842 T.D.     Robert A. Lanier, Judge**

---

**No. W2001-02393-COA-R3-CV - Filed August 20, 2002**

---

Plaintiff slipped and fell on liquid laundry detergent which had spilled in the customer service area in Defendant's store. The jury returned a verdict in favor of the Defendant. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, and HOLLY K. LILLARD, J.J., joined.

Ron W. McAfee, Memphis, Tennessee, for the appellants, Julia Wilkes and John Wilkes.

Stephen P. Miller and Evan Nahmias, Memphis, Tennessee, for the appellee, Fred's, Inc. d/b/a Fred's Super Store.

**OPINION**

In August of 1995, Ms. Wilkes was shopping in Fred's Super Store ("Fred's") on Getwell Road in Memphis when she slipped on liquid laundry detergent which had spilled onto the floor near the customer service area of the store. Ms. Wilkes had been standing in line waiting to check out of the store when she stepped out of line to check the price of an item. When she stepped out of line she slipped and fell on the spilled detergent. As a result of the fall, Ms. Wilkes suffered injury to her knee and required immediate medical attention. Mr. and Ms. Wilkes filed a complaint against Fred's in April of 1996. Ms. Wilkes alleged that her injuries were caused by Fred's negligence and prayed for damages in the amount of $250,000, plus costs of future medical expense. Mr. Wilkes prayed for damages of $50,000 for medical expenses, loss of services and loss of consortium.

The cause was heard before a jury in March of 2001. At trial, Ms. Wilkes introduced the deposition of Mr. Lee Kyles, the manager on duty of Fred's at the time of the accident, which was taken in May of 1999. Ms. Wilkes introduced the deposition for the purpose of authenticating the

policies and procedures manual of Fred's regarding the clean-up of spills and the accident report regarding Ms. Wilkes' fall. The manual and accident report were admitted into evidence. The trial court then permitted Fred's to read other portions of Mr. Kyles' deposition in which Mr. Kyles said that Ms. Wilkes had told him "[b]asically that she had slipped and that the carrier [sic] had warned her that there was a liquid on the floor." Mr. Kyles testified at deposition that, "[s]he (Ms. Wilkes) repeatedly told me once we got her in the chair that the cashier had warned her about it but she had just forgotten." Ms. Wilkes objected to the admission of additional portions of the deposition on the grounds that it was outside of the scope of the purposes for which he introduced it. The trial court admitted the deposition pursuant to rule 32.01 of the Tennessee Rules of Civil Procedure. Mr. Kyles was not present at the trial. Upon redirect examination, Ms. Wilkes denied making such a statement to Mr. Kyles.

At trial, Fred's introduced the telephonic deposition testimony of Ms. LaTonya Jackson, the cashier who witnessed Ms. Wilkes' fall. Ms. Wilkes objected to admission of Ms. Jackson's deposition on the grounds that it had not been established that Ms. Jackson was out of state or more than 100 miles from the place of trial as required by rule 32.01(3)(B) of the Tennessee Rules of Civil Procedure. The trial court agreed that representation by Fred's counsel was insufficient to prove that Ms. Jackson was out of state, but held that since Ms. Jackson had testified at the time of the deposition in September of 2000 that she had been a resident of California since 1998, the court would "indulge in the presumption that she is where she resides." The trial court accordingly admitted the deposition into evidence.

Ms. Jackson testified by deposition that the laundry detergent on which Ms. Wilkes slipped was spilled by the woman who was checking out ahead of Ms. Wilkes, and that it had spilled in front of Ms. Wilkes. Ms. Jackson further testified that she told Ms. Wilkes to be careful and to watch out for the detergent. Ms. Jackson stated that she "called the stock guy to come clean it up," and that she thought it would be cleaned up by the time she had finished ringing up Ms. Wilkes' purchases. According to Ms. Jackson, when she told Ms. Wilkes to be careful, Ms. Wilkes responded that she was aware of the detergent because she had seen it being spilled. Ms. Jackson further stated that Ms. Wilkes stepped over the detergent to begin checking out, and began putting her items on the counter while her shopping cart was behind her. Ms. Wilkes then moved the cart backwards in order to step back to check the price on an item, and then slipped and fell on the detergent. She stated that she called the manager for assistance after Ms. Wilkes had fallen, and that she had no further involvement with Ms. Wilkes.

Upon cross-examination by counsel for Ms. Wilkes, Ms. Jackson testified that fewer than five minutes had elapsed between the time the detergent had spilled and Ms. Wilkes' fall. In response to questions by counsel, Ms. Jackson stated that Ms. Wilkes had stepped over the puddle to begin checking out, and started to check out with her shopping cart behind her, over the spilled detergent. Ms. Jackson testified that when Ms. Wilkes moved her shopping cart to step back through the aisle, she did not turn around but stepped backwards. Ms. Jackson stated that she had no conversation with Ms. Wilkes after the fall, and that she did not hear any conversation between Ms. Wilkes and the manager on duty, Mr. Kyles. Upon redirect by counsel for Fred's, Ms. Jackson

further stated that she planned to remain in California and that she had a job in California, and that she would visit Memphis in either November or December.

Ms. Wilkes testified that she was not directly behind the customer who had spilled the detergent, and that she did not see the detergent spill. She stated that she did not have a conversation with Ms. Jackson concerning the spill, and that there was no caution sign or anything to alert her to the spill. Upon re-cross examination, counsel for Fred's asked, "[a]nd I think earlier you said you took one step back." Ms. Wilkes replied, "Uh-huh." Counsel asked, "[a]nd that's when you fell?" Ms. Wilkes answered, "[r]ight."

The jury returned a verdict in favor of Fred's and Ms. Wilkes moved for a new trial. In her motion, Ms. Wilkes submitted that it was error for the trial court to admit the deposition testimony of Mr. Kyles and Ms. Jackson into evidence, and that the verdict was not supported by the evidence. Ms. Wilkes' motion for a new trial was denied and this appeal ensued.

## Issues Presented

The issues as presented by Ms. Wilkes on appeal are:

(1)     Whether it was error to admit the substantive testimony from the discovery deposition of Lee Kyles, in that the testimony read by Defendant's counsel was outside the scope of Rule 32.01(4), Tennessee Rules of Civil Procedure and Rule 106, Tennessee Rules of Evidence.

(2)     Whether it was error to admit the deposition testimony of LaTonya Jackson in that Defendant failed to meet its burden of establishing unavailability pursuant to Rule 32.01(4), Tennessee Rules of Civil Procedure, and Rule 804, Tennessee Rules of Evidence.

(3)     Whether it was error for the trial court to shift the burden to Plaintiff to show that the deposition testimony of LaTonya Jackson should not be admitted.

(4)     Whether the weight of the evidence fails to support the jury's finding that the Defendant was not negligent.

## Standard of Review

This case was tried before a jury. Findings of fact by a jury shall be set aside only if there is no material evidence to support the verdict. Tenn. R. App. P. 13(d). Upon review, this Court will not re-weigh the evidence, but will take the strongest view possible of the evidence in favor of the prevailing party, and discard evidence to the contrary. *Haga v. Blanc & West Lumber Co.,* 666 S.W.2d 61, 63 (Tenn. 1984); *Smith County v. Eatherly*, 820 S.W.2d 366, 369 (Tenn Ct. App. 1991). We will allow all reasonable inferences to uphold the jury's verdict, setting it aside only if there is

no material evidence to support it. ***Id.*** This standard of review safeguards the constitutional right to a trial by jury. ***Id.*** Our review of the trial court's conclusions of law in a jury trial, however, is ***de novo*** upon the record, with no presumption of correctness. Tenn. R. App. P. 13(d). ***Campbell v. Florida Steel Corp.***, 919 S.W.2d 26, 28 (Tenn. 1996). The admission or exclusion of evidence at trial is within the sound discretion of the trial court and will not be overturned absent a finding of abuse of such discretion. ***Otis v. Cambridge Mut. Fire Ins. Co.***, 850 S.W.2d 439, 442 (Tenn. 1992).

## Admission into Evidence of Deposition of Mr. Kyles

On appeal, Ms. Wilkes contends that the deposition of Mr. Kyles is hearsay and that the "rule of completeness" embodied by rule 106 of the Tennessee Rules of Evidence does not apply here because the use of the same deposition by Ms. Wilkes was for the limited purpose of authenticating documents. We disagree.

We begin our analysis of Ms. Wilkes' argument by noting that the trial court's decision to admit the deposition was based on rule 32 of the Tennessee Rules of Civil Procedure. Rule 32.01 provides:

> **Use of Depositions**[.] At the trial . . . any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:
>
> . . . .
>
> (4) If only part of a deposition is offered in evidence by a party, an adverse party may require the offering party to introduce any other part which ought in fairness to be considered with the part introduced, ***and any party may introduce any other parts***.

Tenn. R. Civ. P. 32.01 (emphasis added). Rule 32.01 has been regarded as primarily a rule of evidence. ***See*** Robert Banks, Jr., and June E. Entman, TENNESSEE CIVIL PROCEDURE § 8-7(b) (1999). It applies to the use of deposition testimony for cross-examination and impeachment, provides a hearsay exception, and is a rule of completeness. ***Id.*** Accordingly, our analysis of this issue must encompass both rule 106 of the Tennessee Rules of Evidence and 32.01 of the Tennessee Rules of Civil Procedure, and must effectuate the overarching purpose of the rules. In general, deposition testimony is admissible to the same extent that the testimony would be admissible if the deponent was in court to testify. ***Id.*** The deposition is admissible, however, only if the party against whom it is offered was present or represented at the taking of the deposition, or who had reasonable notice thereof. Tenn. R. Civ. P. 32.01. Thus a deposition is not admissible for use against a party who was not afforded notice of the deposition. ***See id.***

In this case, counsel for Ms. Wilkes was present at the deposition of Mr. Kyles, had an opportunity to cross-examine him at that time, and did in fact do so. It was Ms. Wilkes who introduced the deposition into evidence. Although Ms. Wilkes may have introduced the deposition for the limited purpose of authenticating the accident report regarding her fall and establishing that it was Mr. Kyles who had prepared the report, once the deposition was introduced, Fred's was entitled to require Ms. Wilkes "to introduce any other part which ought in fairness to be considered with the part introduced, *and* . . . introduce any other parts." Tenn. R. Civ. P. 32.01(4)(emphasis added). *See Sherrod v. Mooneyhan*, No. 03A01-9810-CV-00351, 1999 Tenn. App. Lexis 478 at *16 (Tenn. Ct. App. July 14, 1999), *perm. app. denied* (Tenn. Jan. 3, 2000). Admissible deposition testimony may be used as if the deponent was present and testifying in court. *Dargi v. Terminix Int'l.*, 23 S.W.3d 342, 345 (Tenn. Ct. App. 2000).

Rule 32.01 provides that once a party has introduced a deposition, the opposing party may seek to have other portions presented *at the same time* when fairness requires the portions to be considered contemporaneously. ROBERT BANKS, JR. AND JUNE E. ENTMAN, TENNESSEE CIVIL PROCEDURE § 8-7(b) (1999). In this sense, the rule regards the timing of the introduction of other portions of the deposition and reflects rule 106 of the Tennessee Rules of Evidence. Additionally, however, if the trial court determines that fairness does not demand that the various portions be considered at the same time, admissible portions of the deposition may be introduced during the other party's case-in-chief or on rebuttal.[1] *Id.*

In general, a party may raise the same objections to the admissibility of the evidence contained in the deposition that could be raised if the witness were testifying at trial. *Id*. The crux of Ms. Wilkes' argument on appeal is: "[a]llowing the Defendant to offer the hearsay statements of its manager was manifestly unfair to the Plaintiff. Mr. Kyles was not present and subject to cross examination and the jury was, therefore, deprived of its opportunity to assess the credibility of the witness." We find this argument unconvincing. As noted above, Ms. Wilkes introduced Mr. Kyles deposition into evidence. Once a portion of a deposition is admitted into evidence, rule 32.01(4) provides that other portions may be introduced by any party. Further, Ms. Wilkes had the opportunity to cross-examine Mr. Kyles when the deposition was taken, and could have subpoenaed him to testify at trial in order for the jury to assess his credibility. The statements to which Ms. Wilkes objects are those concerning her own statements to Mr. Kyles that she had been warned about the laundry detergent which had been spilled on the floor. Mr. Kyles reiteration of such statements, if made at trial, would be admissible as an admission by a party-opponent under rule 803(1.2) of the Tennessee Rules of Evidence. In light of the foregoing, the trial court did not abuse its discretion in admitting the deposition of Mr. Kyles into evidence.

---

[1] When the deposition is used for impeachment purposes, however, the procedure should be in conformance with the applicable Rules of Evidence. ROBERT BANKS, JR., AND JUNE E. ENTMAN, TENNESSEE CIVIL PROCEDURE § 8-7(b) (1999).

## Admission into Evidence of Deposition of Ms. LaTonya Jackson

Ms. Wilkes submits that the trial court erred in admitting the telephonic deposition of Ms. Jackson because Fred's did not demonstrate that Ms. Jackson was unavailable pursuant to rule 32.01(4) of the Tennessee Rules of Civil Procedure and rule 804(a)(6) of the Tennessee Rules of Evidence. Ms. Wilkes further contends that the court erred shifting the burden to her to show Ms. Jackson was available once Fred's had demonstrated that at the time the deposition was taken Ms. Jackson was a resident of California. As an initial matter, we note that the applicable rule of civil procedure is rule 32.01(3)(B), and will address this issue accordingly.

Rule 32.01(3)(B) of the Tennessee Rules of Civil Procedure and rule 804(a)(6) of the Tennessee Rules of Evidence provide that a deposed witness who is more than 100 miles from the court house at the time of trial qualifies as an unavailable declarant. NEIL P. COHEN ET AL., TENNESSEE LAW OF EVIDENCE § 8.32[8] (4th ed. 2000). The deposition accordingly is admissible as former testimony under rule 804(b)(1). *Id.* The Tennessee Rule is substantially patterned after rule 804(b)(1) of the Federal Rules of Evidence.[2] DAVID F. BINDER, HEARSAY HANDBOOK § 33:2 (4th ed. 2001). The burden of establishing unavailability is on the proponent of the evidence. *Id.* § 33:3; *State of Tennessee v. McCoy*, No. 01-C-01-9103-CR-00090, 1991 Tenn. Crim. App. LEXIS 929 at *7 (Tenn. Crim. App. November 21, 1991) (*no perm. app. filed*). However, trial courts have considerable discretion in determining whether unavailability has been demonstrated. DAVID F. BINDER, HEARSAY HANDBOOK § 33:2 (4th ed. 2001).

The parties do not dispute that when the deposition was taken in September of 2000, six months prior to trial, Ms. Jackson had been a resident of California for two years. In the absence of any offer of proof or suggestion to the contrary, we do not believe that it was an abuse of discretion for the trial judge to determine that Ms. Jackson remained a resident of California at the time of trial, just six months later, or to presume that she in fact was where she resided. The record supports a finding that Ms. Jackson was unavailable at the time of trial. We accordingly affirm.

## The Jury Verdict

The final issue as presented by Ms. Wilkes on appeal is "[w]hether the weight of the evidence fails to support the jury's finding that the Defendant was not negligent." Our standard of review of a jury verdict is whether there is any material evidence to support the verdict. Tenn. R. App. P. 13(d). Thus this Court will not re-weigh the evidence to determine where the preponderance lies. *Haga v. Blanc & West Lumber Co.*, 666 S.W.2d 61, 63 (Tenn. 1984). If there is any material evidence to support the jury's finding regarding fault, we must affirm. *Id.*; Tenn. R. App. P. 13(d).

---

[2]In Tennessee, former testimony is admissible only when the party against whom it is offered, and not merely a predecessor in interest, had an opportunity and motive to examine the declarant under oath. NEIL P. COHEN ET AL., TENNESSEE LAW OF EVIDENCE § 8.34[2][a]. This is not disputed in this case, and the record establishes that Ms. Wilkes' attorney cross-examined Ms. Jackson during the deposition.

In an action for negligence, the plaintiff must prove five elements: (1) a duty of care owed to the plaintiff by the defendant; (2) conduct by the defendant constituting breach of that duty; (3) injury or loss to the plaintiff; (4) that the defendant's conduct was the cause in fact of the plaintiff's injury; (5) that the defendant's conduct was the proximate or legal cause of the injury. *Waste Mgmt., Inc. of Tennessee v. South Cent. Bell Tel. Co.*, 15 S.W.3d 425, 430 (Tenn. Ct. App. 1997).

The duty of care is a legal obligation to act as a reasonably prudent person to protect against harm to others in light of the apparent risk of harm. *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995). Once it has been determined that a defendant owed the plaintiff a duty of reasonable care, the issue becomes whether the defendant has exercised reasonable care under the circumstances. *Id.* In other words, the question becomes whether the defendant acted as a reasonably prudent person would act under the circumstances. *See id.* If the defendant has not exercised reasonable care, then he has breached his duty to the plaintiff and is liable for his negligence. *See id.* at 153-54.

Negligence is not presumed, however, merely from the fact that an accident has occurred. *Armes v. Hulett*, 843 S.W.2d 427, 432 (Tenn. Ct. App. 1992). The plaintiff carries the burden of proving that the accident was proximately caused by the defendant's negligence. *Spahr v. F. W. Woolworth Co.*, No. 01-A-01-9303-CV-00107, 1993 Tenn. App. LEXIS 573 at *7-8 (Tenn. Ct. App. Sept. 1, 1993) (*no perm. app. filed*). It is generally a question of fact for the jury to determine whether the defendant has exercised reasonable care. *See Burgess v. Tie Co. 1*, 44 S.W.3d 922, 923-924 (Tenn. Ct. App. 2000). In this case, the depositions of Mr. Kyles and Ms. Jackson provide material evidence to support the jury's finding that Fred's was not negligent. We accordingly affirm.

## Conclusion

The deposition of Mr. Kyles was admissible under rule 32.01(4) of the Tennessee Rules of Civil Procedure. The deposition of Ms. Jackson was admissible as former testimony under rule 804(a)(6) of the Tennessee Rules of Evidence and under rule 32.01(3)(B) of the Tennessee Rules of Civil Procedure. The jury verdict is supported by material evidence. We therefore affirm judgment for Fred's. Costs of this appeal are taxed to the appellants, Julia Wilkes and John Wilkes, and their surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE