IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 12, 2017 Session

## WANDA KATZ v. THE SPORTS AUTHORITY OF THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TN, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 13C3528  Hamilton V. Gayden, Jr., Judge**

_____

**No. M2016-01874-COA-R3-CV**

_____

FRANK G. CLEMENT JR., P.J. M.S., dissenting.

The majority opinion affirms the grant of summary judgment in this slip and fall case based on the determination that Wanda Katz ("Plaintiff") failed to provide sufficient evidence of constructive notice. I respectfully disagree, having concluded that there exists a genuine issue of material fact as to whether Defendants had constructive notice of the dangerous condition.

I begin by noting that "negligence cases are not amenable to disposition on summary judgment unless" the inferences and facts taken together "are so certain and uncontroverted that reasonable minds would agree." *Burgess v. Tie Co. 1, LLC*, 44 S.W.3d 922, 923 (Tenn. Ct. App. 2000). The standards governing the assessment of evidence in the summary judgment context are also well established.

> Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

*Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). Moreover, in deciding a motion for summary judgment, we "must view the pleadings and evidence before it in the light most favorable to the opponent of the motion on an issue-by-issue basis."

*Burgess*, 44 S.W.3d at 923 (citing *Wyatt v. Winnebago Industries, Inc.*, 566 S.W.2d 276 (Tenn. Ct. App. 1977)). Thus, in this appeal we are required to view the evidence "in the light most favorable" to Plaintiff and we are also required to "draw all reasonable inferences" in Plaintiff's favor.

As the majority correctly noted, Plaintiff did not assert that Defendants or their employees created the spill that caused her fall. Moreover, she concedes that Defendants did not have actual notice of the spill on the concourse floor. Therefore, the dispositive issue here is whether Defendants had constructive notice of the liquid on the floor where Plaintiff fell. To be more precise, because this case was decided on summary judgment, the dispositive issue is whether reasonable minds could disagree on this fact. *See id*.

Plaintiff principally relies on three facts, and the reasonable inferences to be drawn from these facts, to establish that there is a genuine issue of material fact concerning whether Defendants had constructive notice of the dangerous condition. The principal facts Plaintiff relies on are that: (1) three of Defendants' employees were standing nearby at the time that she fell; (2) the employees were instructed not to clean up until after the concert was over; and (3) at least one other slip-and-fall incident occurred in the same general area approximately one hour earlier. Plaintiff also identified where these facts can be found in the record. Specifically, the September 4, 2012 "event log" maintained by Defendants which, inter alia, identified incidents that were reported, including "wet spills," the locations of the spills, and when someone was dispatched to address the incident.

The majority found it significant that nothing in the record indicated how long the spill had been on the concourse floor before Plaintiff fell. They also concluded that Plaintiff's reliance on the event log of incidents is misplaced to show constructive notice of a dangerous condition existing at the arena on the day of the concert. This conclusion is based in part on the majority's assessment of the evidence Plaintiff relies on, which is explained in footnote 2 of the majority opinion. The footnote reads, in pertinent part:

> Ms. Katz also argues that her observation of three people standing near the area where she fell showed that Defendants had constructive notice of the dangerous condition. Ms. Katz "presumes" that the three were employees of Service Management Systems, also known as SMS, the firm hired by Powers Management to clean the arena. According to an affidavit, Kristina Barker, a former SMS employee, started her shift at 10:00 p.m. on September 4, 2012, with instructions "not to clean up until after the concert was over." Based on this affidavit, Ms. Katz further presumes that the three people she saw were not doing their job because Defendants instructed them not to clean up.

I respectfully disagree with the majority's finding that Plaintiff's evidence is based on presumptions that cannot be considered as evidence. Instead of recognizing this evidence as presumptions, I submit we are required to consider the evidence if the evidence constitutes reasonable inferences to be drawn from other facts Plaintiff has identified. Thus, instead of viewing this evidence as presumptions by Plaintiff, which may not be considered at the summary judgment stage, I submit that we are not only entitled to draw reasonable inferences from these facts, but that we are required to draw reasonable inferences from them at the summary judgment stage. *See Staples*, 15 S.W.3d at 89 ("Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor.").

I also find it significant that Plaintiff relies on an affidavit by Kristina Barker, a former employee of SMS. Ms. Barker unequivocally stated that she was instructed "not to clean up until after the concert was over." The troubling aspect of this undisputed fact and, more importantly, the reasonable inference to be drawn from this fact is that if Ms. Barker or other employees of Defendants had notice of the spill, the policy was not to clean it up (not to remove the hazard) until after the concert was over.

As our Supreme Court explained in *Parker v. Holiday Hosp. Franchising, Inc.*:

"Constructive notice" is defined as "information or knowledge of a fact imputed by law to a person (although he may not actually have it) because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it." *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 15 (Tenn. 1997) (quoting *Kirby v. Macon Cnty.*, 892 S.W.2d 403, 409 (Tenn. 1994)). Constructive notice may be established by showing that a dangerous or defective condition existed for such a length of time that a property owner, in the exercise of reasonable care, should have become aware of it. *Blair*, 130 S.W.3d at 764; *Simmons v. Sears, Roebuck & Co.*, 713 S.W.2d 640, 641 (Tenn. 1986). Constructive notice may also be established by showing that the dangerous condition resulted from "a pattern of conduct, a recurring incident, or a general or continuing condition." *Blair*, 130 S.W.3d at 765.

*Id.*, 446 S.W.3d 341, 351-52 (Tenn. 2014).

Plaintiff identified evidence in the record which established that "information or knowledge of a fact" could have been discovered by proper diligence by Ms. Barker or the other SMS employees who were standing near where Plaintiff fell. This evidence is sufficient to cast upon these employees, and therefore Defendants, the duty of inquiring into it and taking appropriate action. Therefore, Plaintiff has created a dispute of fact concerning whether Defendants had constructive notice of the spill prior to Plaintiff's fall. *Id.* ("Constructive notice" is defined as "information or knowledge of a fact imputed

3

by law to a person (although he may not actually have it) because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it.").

With the foregoing principles as well as the summary judgment standard in mind, I am of the opinion that the facts relied upon by Plaintiff, in conjunction with the reasonable inferences we are required to draw from those facts, are sufficient to create a dispute of a material fact concerning notice. Stated another way, I believe reasonable minds could disagree concerning whether Defendants had reasonable notice. Therefore, I am of the opinion that Defendants failed to establish that they were entitled to summary judgment.

_____
FRANK G. CLEMENT JR., P.J. M.S.

4